IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-058-CR




KENNETH WAYNE THOMAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 






FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 3852, HONORABLE JOHN E. SUTTON, JUDGE




 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Pen. Code Ann.
§ 22.021 (1989). The jury assessed punishment, enhanced by two previous felony convictions,
at imprisonment for fifty years.

 Appellant has filed a motion to dismiss counsel and proceed pro se on this appeal. 
This motion was tendered for filing on July 29, 1991, ten weeks after a brief was filed on his
behalf by his appointed attorney and two weeks after the State's brief was filed.

 An appellant has the right to reject the assistance of counsel and represent himself
on appeal. Faretta v. California, 422 U.S. 806 (1975); Webb v. State, 533 S.W.2d 780 (Tex.
Cr. App. 1976). But the right of self-representation is not a license to capriciously upset the
appellate timetable or to thwart the orderly and fair administration of justice. Webb, 533 S.W.2d
at 784. It is the opinion of this Court that, except in extraordinary circumstances, it is
inconsistent with the orderly administration of justice to entertain a request for self-representation
first made after the State's brief has been filed and the cause is ready for submission. Compare
Hubbard v. State, 739 S.W.2d 341 (Tex. Cr. App. 1987) (a request to dismiss appointed counsel
and proceed pro se was timely even though made after defense counsel had filed his brief). Such
extraordinary circumstances are not shown to be present in this cause. Therefore, appellant's
motion to dismiss counsel and proceed pro se is overruled as untimely. We will now address the
points of error raised in counsel's brief.

 In his first point of error, appellant contends the district court erred in overruling
his motion to quash the petit jury panel based on the State's use of peremptory challenges against
Hispanic venire members. Tex. Code Cr. P. Ann. art. 35.261 (1989); State v. Oliver, 808
S.W.2d 492 (Tex. Cr. App. 1991). (1) Under the statute, the prosecutor may not exercise
peremptory challenges for the purpose of excluding persons from the jury on the basis of their
race. If the defendant establishes a prima facie violation, the burden of proof shifts to the State
to give a racially neutral explanation for the challenges. The trial court's findings may not be
disturbed on appeal unless they are clearly erroneous. Whitsey v. State, 796 S.W.2d 707, 726
(Tex. Cr. App. 1990) (opinion on rehearing).

 The record demonstrates that all four venire members with Hispanic surnames were
peremptorily challenged by the prosecutor. This is sufficient to make out a prima facie case of
race-based exclusion. See Salazar v. State, 795 S.W.2d 187 (Tex. Cr. App. 1990); Dewberry
v. State, 776 S.W.2d 589 (Tex. Cr. App. 1989).

 The prosecutor explained that he struck venire members Jaso, Gonzales, and
Trevino because each indicated that she would have difficulty returning a guilty verdict based on
the testimony of a single witness. (2) The transcription of the voir dire confirms the accuracy of the
prosecutor's characterization of the views of these venire members. The record also confirms the
prosecutor's statement that a non-Hispanic venire member, Feist, was peremptorily challenged
by the State after expressing a similar difficulty. The absence of disparate treatment of venire
members with similar characteristics is a factor to consider in determining whether the State
proffered race-neutral reasons for its peremptory strikes. Williams v. State, 804 S.W.2d 95, 105-06 (Tex. Cr. App. 1991). The district court did not clearly err in finding that the State's
peremptory challenges of Jaso, Gonzales, and Trevino were not based on race.

 The prosecutor explained his peremptory challenge of the fourth Hispanic venire
member as follows:



As to Elida Lujano, the reason why the State struck that is that as she answered
your question, your Honor, that Mr. Slimp [the assistant district attorney who sat
as second chair] had represented her. (3) Mr. Slimp and I -- in discussion, it came
to light to me that she still owed him money. And she began to pay them off by --
they have a bakery. He was going there and eating money. And it came to the
point that -- eating bakery goods, not eating money. I'm sorry. That she told
them that now the Slimps owed her money. And so I saw there was a potential
conflict of a money situation from a past relationship and that was the reason why
the State struck that individual.



It has been suggested that courts should disfavor an explanation that is unrelated to the facts of
the case. Keeton v. State, 749 S.W.2d 861, 866 (Tex. Cr. App. 1988). However, the possibility
that a venire member may harbor some bias toward counsel is a legitimate concern, and is
routinely a subject of inquiry during voir dire. Appellant offered no evidence to suggest that the
prosecutor's fear that Lujano might harbor some animosity toward Slimp was a sham or pretext. 
Again, the district court's finding of a race-neutral explanation was not clearly erroneous.

 In his remaining point of error, appellant urges that the district court should have
granted his motion for mistrial when the prosecutor asked appellant during cross-examination
whether he had ever been arrested for sexual assault. As defense counsel voiced his objection to
this question, appellant answered that he had been accused but the charge was dismissed. The
objection to the question was sustained and the jury was instructed to disregard the question and
answer.

 We agree that the question was improper. As a general rule, a witness may not be
impeached with evidence of unadjudicated offenses. Tex. R. Cr. Evid. Ann. 608(b) (Pamph.
1991). The State's argument that appellant created a false impression as to the extent of his prior
trouble with the police is not supported by an examination of the testimony. See Prescott v. State,
744 S.W.2d 128 (Tex. Cr. App. 1988). However, we find that the trial court's action in promptly
sustaining the objection and instructing the jury to disregard cured the error. Campos v. State,
589 S.W.2d 424, 428 (Tex. Cr. App. 1979).

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: August 28, 1991

[Do Not Publish]
1. In fact, appellant did not move to dismiss the array. Instead, he asked that the court
substitute the Hispanic jurors for jurors actually selected. For the purpose of this opinion, we
deem appellant's motion sufficient to preserve error.
2. Although the State called several witnesses, only one witness, the victim, testified to the
actual assault.
3. Lujano indicated during voir dire that Slimp represented her in "a small matter." She stated
that this would not influence her as a juror. Two other venire members had also employed Slimp,
but their names were too far down on the juror list to be selected.