**John JACOBS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 040–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 22, 1992.

Rehearing Denied March 4, 1992.

Garland D. McInnis, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel and Dan Rizzo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of involuntary manslaughter. TEX.PENAL CODE ANN. § 19.05. The jury assessed his punishment at confinement for four years in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, the Court of Appeals affirmed the conviction in an unpublished opinion, *Jacobs v. State*, No. 01–89–00195, 1990 WL 144041 (Tex.App.—Houston [1st] October 4, 1990).

The Court of Appeals decided appellant failed to make a prima facie showing to the trial court that the State purposefully discriminated in its use of peremptory challenges. See *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Appeals held that appellant's bare claim that the State struck five blacks from the venire does not constitute, in and of itself, a prima facie case of discrimination. In reaching this decision, the Court of Appeals relied upon its decision in *Smith v. State*, 734 S.W.2d 694 (Tex.App.—Houston [1st] 1987). *Jacobs v. State*, slip op. at 3. On March 6, 1991, this Court granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in this decision.

We now find that our decision to grant appellant's petition for discretionary review was improvident. Tex.R.App.Pro. 202(k).

With this understanding, we dismiss appellant's petition for discretionary review.

It is so ordered.

OVERSTREET, Judge, dissenting.

This Court granted appellant's petition for discretionary review which averred that "the trial court committed reversible error in denying appellant's objection to the State['s] systemati[c] striking" of Black veniremembers from the jury panel; i.e. he claims error in the denial of his *Batson* motion. As the opinion of this Court notes, the First Court of Appeals overruled appellant's claim, apparently based upon its conclusion that with there being some uncer-

tainty as to the total number of Blacks on the jury panel appellant had failed to establish the requisite prima facie case of purposeful discrimination. *Jacobs v. State*, No. 01–89–00195–CR 1990 WL 144041 (Tex. App.—Houston [1st Dist.], delivered October 4, 1990). This Court concludes that our decision to grant appellant's petition was improvident and therefore now dismisses it. I respectfully dissent to that action.

It is undisputed that appellant is Black and that the veniremembers in question were also Black. What seems to be in dispute is the precise number of those veniremembers. The record reflects that appellant timely made his *Batson* objection alleging that the State had improperly used peremptory strikes to remove five Black veniremembers. There was a stipulation that two Blacks were selected for the jury. Appellant's attorney was then sworn and testified that the State had used five of its peremptory strikes to remove the other five Black veniremembers. After appellant's attorney specifically testified, "And I think the record will show there was a total of seven [B]lacks on the jury panel[,]" the trial court commented, "There were more than that, weren't there?" Appellant's attorney responded, "I think there was [sic] a total of seven, Your Honor." The trial court then asked, "Is that all?" Appellant's attorney responded, "I think that was it, and the State struck five of them." There was then some discussion about whether a prima facie showing of discrimination had been made, with the State arguing that appellant had failed to even make such a prima facie showing because of the presence of Blacks on the jury. The trial court concluded that appellant had not "met the burden … to start with."

As we all know, making peremptory challenges based upon race is prohibited in Texas. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and

TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). Once a defendant makes a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with a neutral explanation. A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. *Tompkins v. State*, 774 S.W.2d 195, 201 (Tex.Cr.App.1987). The initial burden in establishing a prima facie case of discrimination is not onerous. *Salazar v. State*, 795 S.W.2d 187, 193 (Tex.Cr. App.1990).

In *Dewberry v. State*, 776 S.W.2d 589 (Tex.Cr.App.1989) this Court held that a showing that the State's striking of six out of a total of seven black veniremembers established a prima facie case of purposeful discrimination. I believe that the State's striking of five out of a total of seven in the instant cause likewise sufficiently established the requisite prima facie case.[1] Thus, the State should have been required to present racially neutral explanations for the strikes. Because such was not done, I believe that the instant cause should be remanded to the trial court for the State to be given the opportunity to present said explanations with the trial court ruling as to the validity thereof. Because the majority of this Court refuses to remand the cause for such action, I respectfully dissent.

I add that in my opinion the quintessence of *Batson, supra*, and *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) is as follows: No person has an absolute right to serve as a juror, but every person has an absolute right to not be excluded because they belong to an identifiable racial group. As soon as the bench and bar accept this basic fundamental and fair principle, the sooner we can move on to the consideration of legal issues which are more subject to reasonable disagreement.

---

1. I do not consider the above-described comments by the trial court as indicative that there were any more or less than seven Black veniremembers. As previously detailed, appellant's attorney testified that there were seven and the trial court merely inquired as to the precision of that count without definitively disputing or con-

curring. I also observe that the prosecutor never questioned or commented upon the accuracy of appellant's attorney's count; thus the record does not reflect any disagreement at all amongst the advocates regarding the number of Blacks on the panel.

CLINTON, J., joins with the further observation that an accused is not required to show a "pattern" of discriminatory strikes to make out a prima facie case;

BAIRD and MALONEY, JJ., join.