**Nathaniel HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 601–90.**

Court of Criminal Appeals of Texas, En Banc.

June 19, 1991.

Dissenting Opinion to Denial of Rehearing of Judge Benavides April 1, 1992.

---

**16.** Goode, § 105.1 at 27.

Patricia R. Saum, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft and Bill Hawkins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

1. The Texas Department of Criminal Justice, Institutional Division (TDCJID) was formerly known as the Texas Department of Corrections (TDC).

## OPINION ON STATE'S AND APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was charged by indictment with aggravated robbery, V.T.C.A. Penal Code, § 29.03, enhanced by a prior conviction for aggravated robbery, V.T.C.A. Penal Code, § 12.42(c). A jury found the appellant guilty and the trial court assessed punishment at forty (40) years confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJID).[1] The Fourteenth Court of Appeals reversed the appellant's conviction as to punishment in a published opinion, *Henderson v. State*, 788 S.W.2d 621 (Tex. App.—Houston [14th Dist.] 1990).

██ The State's petition for discretionary review was filed to determine whether the court of appeals misconstrued Rules 901 and 902, TEX.R.CRIM.EVID., in its determination that the trial court admitted an improperly authenticated pen packet during the punishment phase of appellant's trial.

The appellant claimed on direct appeal that the trial court erred in overruling defense counsel's objection to admission of the pen packet from TDCJID because the judgment and sentence did not reflect proper certification by the district clerk of the original convicting court. The pen packet admitted into evidence by the trial court contained a copy of the judgment and sentence of appellant's previous conviction for aggravated robbery on file with the TDCJID. The records were duly attested by the custodian of records at TDCJID. Based on this Court's opinion in *Dingler v. State*, 768 S.W.2d 305 (Tex.Cr.App.1989), the court of appeals held that the pen packet should not have been admitted because the copy of the judgment and sentence contained therein did not reflect the certification from the district clerk of the convicting court.

We summarily grant the State's petition for discretionary review and reverse the

judgment of the court of appeals based on our recent opinion in *Reed v. State,* 811 S.W.2d 582 (Tex.Cr.App.1991), overruling *Dingler, supra.*[2] The State's ground for review is sustained and the judgment of the court of appeals is reversed on this issue.

Appellant has also filed a petition for discretionary review alleging *Batson*[3] error in five separate grounds, challenging the state's exclusion by peremptory strike of three black venirepersons. The court of appeals found no merit in appellant's *Batson* claims. *Henderson, supra,* at 788 S.W.2d 624. The court reasoned that, as to juror number 11, no prima facie showing of discrimination was made out by appellant and, further, that "an appellant can not do a comparison analysis or raise a claim of pretext for the first time on appeal," citing *Tompkins v. State,* 774 S.W.2d 195 (Tex. Cr.App.1987). *Henderson, supra,* at 788 S.W.2d 625.

■ In grounds one and two, appellant contends that the court of appeals misconstrued *Tompkins v. State,* 774 S.W.2d 195, 202–203 at n. 6A (Tex.Cr.App.1987), as precluding a defendant who is claiming *Batson* error from making a "comparison analysis" on appeal unless the analysis was first made at the trial level. *See Henderson, supra,* at 788 S.W.2d 625. In our recent decision in *Young v. State,* 826 S.W.2d 141 (Tex.Cr.App.1991), we held that footnote 6A in *Tompkins* is not to be read as holding that a "comparison analysis" must be made at the trial level before it can be argued on appeal.

In ground three, appellant contends the court of appeals erred in its disposition of appellant's *Batson* claim respecting juror number 11. The court's of appeals summary disposition of this point, upholding the trial court's determination that appellant failed to make a prima facie showing of discrimination, is inconsistent with this Court's opinion in *Dewberry v. State,* 776 S.W.2d 589 (Tex.Cr.App.1989), where we delineated acceptable methods by which a defendant may establish a prima facie *Batson* claim.

Accordingly, we summarily grant grounds one, two and three of the appellant's petition for discretionary review,[4] reverse the judgment of the court of appeals on these three issues, and remand this cause to that court for reconsideration of these three grounds in a manner consistent with this opinion. As stated, with respect to the State's petition for discretionary review, we reverse the judgment of the court of appeals as to its finding that the pen packet was inadmissible as improperly authenticated.

McCORMICK, P.J. and CAMPBELL, J. dissent to the disposition of appellant's grounds for review 1 and 2 based on CAMPBELL, J.'s dissent in *Young v. State,* 826 S.W.2d 141.

WHITE, J. dissents to the disposition of appellant's grounds for review 1 and 2.

CLINTON, J. concurs in the result.

BENAVIDES, Judge, dissenting.

For the reasons expressed today in *Young v. State,* 826 S.W.2d 141 (Tex.Cr. App.1992) (dissent on State's motion for rehearing) (Benavides, J., dissenting), I dissent to the Court's denial of the State's motion for rehearing.

McCORMICK, P.J., and CAMPBELL and WHITE, JJ., join.

---

**2.** Tex.R.App.P. 200(c)(3) and (4).

**3.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**4.** Tex.R.App.P. 200(c)(3).