**Foster MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00993–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 26, 1993.

James C. McBride, Houston, for appellant.

John B. Holmes, Timothy G. Taft, Houston, for appellee.

Before MIRABAL, HEDGES and OLIVER–PARROTT, JJ.

## OPINION

OLIVER–PARROTT, Justice.

This is an appeal from a conviction for two counts of forgery. A jury found appellant, Foster Morris, guilty and, after finding two enhancement paragraphs true, assessed punishment at 20–years confinement for each count.

In the trial court, appellant objected to the State using its peremptory challenges to remove members of the black race from the jury panel. Appellant was black. No *Batson* hearing was conducted. Thereafter, appellant filed a motion for a *Batson* hearing on appeal. This Court determined that appellant established a prima facie showing of purposeful discrimination by the State's use of its peremptory challenges. We issued an order directing the trial court to conduct a *Batson* hearing, make appropriate findings and recommendations, and prepare a record of the proceedings. On March 10, 1992, the trial court held a *Batson* hearing.[1] During the hearing, the State refused to give any neutral explanations for the use of its peremptory challenges; instead, the State reurged the argument that there was no prima facie showing of discrimination at the original trial.

On August 19, 1992, however, the State filed a supplemental brief "confessing error" in regard to appellant's *Batson* challenge point of error. In its supplemental brief, the State cites *Linscomb v. State,* 829 S.W.2d 164, 166–67 (Tex.Crim.App.1992), as controlling. We agree. In *Linscomb,* the Court of

---

1. It should be noted that the delay in issuing this opinion was due to the failure of the parties to forward a copy of the record from the *Batson* hearing to this Court.

**156**

Criminal Appeals found that the United States Constitution is offended by so much as a single strike exercised on the basis of race. *Id.* at 166. *Linscomb* allows a prima facie case to be made based solely on "an unexpectedly high rate of challenges against a particular group." Additionally, the court specifically rejected the idea that if members of a recognizable minority are part of the jury, there could not be any discrimination. *Id.* at 167. The court developed a formula to determine the number of peremptory challenges normally expected: we are to divide the number of venirepersons of the race in question by the first 32 eligible venire persons and apply the resulting percentage to the available strikes of a prosecutor. *Id.* at 165.

In this case, the record reflects that the State exercised nine of its 10 peremptory challenges and used four to strike black persons from the venire. The defense exercised one peremptory strike to remove one black person from the venire. This left two black persons serving on the jury. Therefore, applying the *Linscomb* formula, the seven black venirepersons would be divided by the 32 eligible venirepersons, the percentage of the State's strikes expected to be exercised upon blacks would be 22% (rounded down to an even number), or 2 peremptory challenges. Thus, the four peremptory strikes the State exercised without any race neutral explanation on black venirepersons exceeds the *Linscomb* formula limit of two.

In light of *Linscomb* and the State's position at the *Batson* hearing, we reverse the trial court's judgment, and remand the cause for a new trial.