Opinion issue November 18, 2004









  
 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00907-CR
____________
 
NUYNH DUC DO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 917,057
 

 
 
MEMORANDUM OPINION
          A jury convicted appellant, Nuynh Duc Do, of possession of a controlled
substance, namely cocaine, weighing less than one gram, and assessed punishment
at two years’ confinement. In two points of error, appellant argues that the trial court
erred in overruling appellant’s (1) motion to suppress evidence seized in connection
with his detention and arrest and (2) Batson


 challenge. We affirm the judgment of
the trial court. 
Facts 
          Officers Pederson and Rios of the Houston Police Department were dispatched
to a shooting in progress at an apartment complex around 1:40 a.m. on July 6, 2002. 
An anonymous call resulted in a second dispatch, which advised that two Asian male
suspects had left the scene in a blue Honda with blue fog lights, headed towards the
Gulf Freeway. Less than one minute after the dispatch, Officer Pederson saw a car
matching the description leave the apartment complex in the direction of the Gulf
Freeway. The two officers stopped the car not more than one half of a mile from the
apartment complex. Appellant, the driver, and his passenger were ordered to get out
of the car, handcuffed, patted down for weapons, and detained in separate patrol cars
pending an investigation of the shooting.
          As the first step in the investigation, Officers Pederson and Rios searched the
passenger compartment of appellant’s car. The search yielded no evidence
connecting appellant to the shooting or any other criminal activity; however, a pistol
was discovered when the officers continued to search by opening the car’s trunk. 
Upon finding the pistol, Officer Pederson asked for appellant’s identification and
learned that appellant had no driver’s license or proof of insurance. 
          Officers Pederson and Rios then moved appellant and his passenger from the
location of the traffic stop to the scene of the reported shooting in a failed attempt to
get a positive identification from witnesses. However, Officer Pederson’s own
attempt to verify appellant’s identity, using the patrol car’s computer, returned a “hit”
for outstanding traffic warrants. Appellant was arrested pursuant to the warrants and
for not having a license or proof of insurance. A search of appellant incident to the
arrest revealed, in his right front pocket, a small plastic baggy containing cocaine. 
Appellant was then also arrested for the more serious offense of possession of a
controlled substance. 
Motion to Suppress
          In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress any and all evidence obtained as the result of an illegal
detention not based on probable cause or reasonable suspicion. 
Standard of Review
          We generally review a trial court’s ruling on a motion to suppress for abuse of
discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Chiles v.
State, 988 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
Appellate courts afford almost total deference to the trial court’s determination of
facts supported by the record, particularly when those findings are based on the
credibility and demeanor of a witness. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997); Curry v. State, 965 S.W.2d 32, 34 (Tex. App.—Houston [1st Dist.]
1998, no pet.). However, appellate courts review mixed questions of law and fact de
novo when resolution does not turn on an evaluation of credibility or demeanor. 
Guzman, 955 S.W.2d at 89, Curry, 965 S.W.2d at 34. Reasonable suspicion, by its
nature, is a legal concept properly subject to de novo review. Hunter v. State, 955
S.W.2d 102, 107 (Tex. Crim. App. 1997); Atkins v. State, 984 S.W.2d 780, 781 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). In determining whether reasonable
suspicion existed, the reviewing court is to consider the totality of the circumstances. 
Loesch v. State, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997); Green v. State, 866
S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1993, no pet.).
Waiver
          The right to appellate review extends only to complaints made in accordance
with the rules of appellate review. Harris v. State, 827 S.W.2d 949, 958 (Tex. Crim.
App. 1992). To preserve error for review, the record must show that a timely and
specific objection was made in the trial court and that the court either ruled or refused
to rule on the objection. Tex. R. App. P. 33.1(a). “An objection stating one legal
basis may not be used to support a different legal theory on appeal.” Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990). In situations in which a point of error
does not correspond to the objection made at trial, the trial judge had no opportunity
to rule on the legal theory that is the basis for appeal. Cook v. State, 858 S.W.2d 467,
474 (Tex. Crim. App. 1993). Consequently, nothing is presented for appellate
review. Id.
          Appellant filed a written motion to suppress any and all evidence seized in
connection with his detention and arrest, which generally asserted that the conduct
of Officers Pederson and Rios violated his constitutional and statutory rights. At the
hearing on the motion, appellant based his arguments to the trial court on the theory
that the search of his vehicle exceeded its proper scope when the officers entered the
trunk. Specifically, appellant’s counsel stated that: 
[The officers] searched the cab of the car and they didn’t find anything
that would lead the officers to have reasonable suspicion that a weapon
was in the trunk. There was no probable cause to get them from the cab
of the vehicle to the trunk of the vehicle.
 
          If that’s the case, then anything, the search incidence [sic] to the
arrest of [appellant] is violated by the unlawful search of the trunk of
[appellant’s] vehicle or the vehicle that [appellant] was in, I guess. And
we’re asking that the evidence be suppressed based on that.
 
          On appeal, however, appellant looks to the initial stop and detention as the
alleged unlawful police conduct warranting suppression of the evidence. The legal
theory presented in appellant’s point of error is that the officers had no probable
cause or reasonable suspicion to justify appellant’s detention. Appellant contends
that the description of the car alone did not amount to reasonable suspicion when
qualified by the following facts: the call to dispatch was anonymous, appellant did
not commit any traffic offenses while in the officers’ presence, and appellant’s car
windows may have been tinted, thereby making it difficult for police to ascertain the
occupants’ race. As a result, appellant argues that the search revealing the cocaine
was tainted by the illegality of a stop and detention not based on reasonable
suspicion. 
          Appellant’s first point of error does not correspond to the objection made at
trial. At no point in the motion to suppress hearing did appellant ask the trial judge
to rule on the issue now before this Court: whether the officers’ suspicion was
reasonable. In addition, appellant’s objection at trial to the illegality of the trunk
search appears nowhere in his appeal. Instead, appellant relies entirely on the theory
of reasonable suspicion to taint the evidentiary fruit. However, no error is presented
for our review because the trial court was not afforded an opportunity to rule, or to
refuse to rule, on the issue of reasonable suspicion. 
          We hold that appellant waived his objection and overrule his first point of
error.
Batson Challenge
          In his second point of error, appellant contends that the trial court erred in
denying his Batson challenge on the basis that appellant failed to make a prima facie
showing of purposeful discrimination. 
Standard of Review
          An appellate court reviews the record with great deference to the trial court in
determining whether the trial court’s ruling on a Batson motion was clearly
erroneous. Whitsey v. State, 796 S.W.2d 707, 726 (Tex. Crim. App. 1989). A trial
court’s finding is clearly erroneous “when although there is evidence to support it, the
reviewing court . . . is left with the definite and firm conviction that a mistake has
been committed.” Id. at 721 (quoting United States v. United States Gypsum Co., 333
U.S. 364, 395, 68 S. Ct. 525, 542 (1948)). The record is to be reviewed in its entirety
by considering the voir dire process, the racial constitution of the venire, the State’s
race-neutral explanations, and appellant’s rebuttal and impeaching evidence. Id. at
726. 
The Law
          The State may not exercise its peremptory challenges to exclude persons from
the venire solely on account of race. Tex. Code Crim. Proc. Ann. art. 35.261
(Vernon 1989); Batson, 476 U.S. at 86, 106 S. Ct. at 1717. A Batson challenge
involves three burden-shifting steps: (1) the defendant must make a prima facie case
raising an inference that a peremptory strike was used to remove a veniremember on
the basis of race, (2) if the defendant makes such a case, the burden then shifts to the
State to provide a race-neutral explanation for the strike, and (3) the burden finally
returns to the defendant to rebut the race-neutral explanation as pretextual. Batson,
476 U.S. at 97-98, 106 S. Ct. at 1723-24. If the trial court finds that even one
peremptory strike was racially motivated, the jury selection process is invalidated and
a new trial is required. Whitsey, 796 S.W.2d at 716. 
          The issue presented in this appeal is whether appellant satisfied the first of
Batson’s three steps by making a prima facie showing that the State exercised its
peremptory strikes in a discriminatory manner. To establish a prima facie case, the
appellant must show that (1) he is a member of cognizable racial group, (2) the
prosecution exercised its peremptory strikes to exclude members of a minority from
the venire,


 and (3) these facts and other circumstances give rise to an inference of
discrimination. Batson, 476 U.S. at 96, 106 S. Ct. at 1723. A rational inference of
discrimination may be raised by any relevant evidence with “more than a modicum
of probative value.” Linscomb v. State, 829 S.W.2d 164, 166 (Tex. Crim. App. 1992). 
The evidence, in other words, must have “the power to incline toward a belief.” Id.
          In Linscomb, the Court of Criminal Appeals held that, when the State is shown
to have excluded members of an identifiable race, only the third element of a prima
facie case is required—these facts and other circumstances give rise to an inference
of discrimination. Id. at 168 n.6; see also Morris v. State, 862 S.W.2d 155, 156 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d), 
          In deciding whether the defendant has made the requisite showing, the trial
court should consider all relevant circumstances, including a pattern of strikes based
on race. Dewberry v. State, 776 S.W.2d 589, 591 (Tex. Crim. App. 1989). A pattern
may be shown in a number of ways: either by the number of minorities excluded from
the jury or by the total number of strikes used against minorities. Id. A pattern of
racially-motivated strikes may also be evidenced by factors such as those set out in 
Keeton v. State, 749 S.W.2d 861(Tex. Crim. App. 1988). In Keeton, the Court of
Criminal Appeals held that evidence of the prosecutor’s past conduct, of the type and
manner of the prosecutor’s questions during voir dire, or of characteristics of specific
veniremembers may be used to raise an inference of discrimination. Id. at 867. 
Appellant’s Prima Facie Case
          “The burden of establishing a prima facie case is not onerous.” Dewberry, 776
S.W.2d at 591. The record shows that the introduction of appellant’s translator to the
venire established his racial identity.


 The record also shows that the State exercised
two of its peremptory challenges to strike African-American veniremembers. 
Appellant thereby satisfied the first two elements of his prima facie case. 
Accordingly, we must direct our attention to whether appellant established the third
element of his prima facie case—whether he showed any combination of fact and
circumstance sufficient to raise an inference of purposeful discrimination. 
          “Batson is not a talisman, the invocation of which automatically raises an
inference of racial discrimination.” Bean v. State, 816 S.W.2d 115, 119 (Tex.
App.—Houston [14th Dist.] 1991, no pet.). In appellant’s Batson motion, the
following exchange took place:
[Defense Counsel]: Juror No. 5 is an African American that the
State struck with one of their peremptory that didn’t say anything
that was objectionable for cause for the State. Juror No. 31 is also
an African American that didn’t say anything that was an issue for
the State. And if I could, I would like to inquire of the State on
why she chose, she struck Juror No. 5 and Juror No. 31.
 
[Court]: So what you’re stating, your prima facie case is that 5
and 31 were struck and they’re African Americans.
 
          [Defense Counsel]: Yes ma’am.
 
[Court]: I do not find that’s a prima facie case. Motion is denied. 
Anything further?
 
          [Defense Counsel]: No.
 
          [Court]: Just that the record is insufficient.
 
This exchange failed to provide any evidence regarding the past conduct of the
prosecutor, the prosecutor’s questions during voir dire, or the specific characteristics
of the veniremembers as suggested by Keeton. 749 S.W.2d at 867. For example, the
record fails to indicate the racial constitution of the venire, whether any black
veniremembers were impaneled on the jury, whether the State used its peremptory
challenges to remove members of any other racial group from the jury, or even
whether any of appellant’s own strikes excluded minority veniremembers. The only
circumstance appellant relies on in raising an inference of discrimination, beyond the
race of the challenged jurors, is that the two jurors said nothing to which the State
could object. 
The record does not show that a pattern of racially-motivated strikes existed. 
As a result, no rational inference of discrimination was raised. Accordingly, we hold
that the trial court was not clearly erroneous in finding that appellant failed to
establish a prima facie case in his Batson challenge. 
We overrule point of error two.
Conclusion 
 
          We affirm the judgment of the trial court.
 
          
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).