**Jesus Quintana AGUILAR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–031–CR.**

Court of Appeals of Texas, Fort Worth.

March 10, 1992.

Discretionary Review Refused June 3, 1992.

Mary B. Thornton, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Steven W. Conder, Kenneth Mullen and Glen Wood, Assts., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Jesus Quintana Aguilar from a conviction for robbery which caused bodily injury. *See* TEX.PENAL CODE ANN. § 29.02(a)(1) (Vernon 1989). The jury assessed punishment at fifty years confinement in the Institutional Division of the Texas Department of Criminal Justice. In his two points of error, Aguilar asserts that the trial court erred in overruling his objection to the State's use of two of its peremptory challenges on venirepersons number eleven, Betty Groover Garcia, and number twenty-five, Martha Morolez Deanda.

We affirm.

### Appellant's Points of Error

 Under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the defendant is required to make a prima facie case of discrimination; in other words, he must raise an inference of "pur-

poseful discrimination" on the part of the prosecuting attorney. *Id.* at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88; *see also* TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). If, after the State has exercised its peremptory challenges, the defendant is able to show: (1) that the prosecutor has exercised peremptory challenges to remove a particular race from the jury (in this regard, the defendant is entitled to rely on the fact: "that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate' "); and (2) that the above "facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *See Powers v. Ohio,* 499 U.S. ——, 111 S.Ct. 1364, 1377, 113 L.Ed.2d 411 (1991); *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88; *Bean v. State,* 816 S.W.2d 115, 118–19 (Tex.App.—Houston [14th Dist.] 1991, no pet.). If the defendant establishes this minimum quantum of evidence, he is then entitled to a *Batson* hearing which shifts the burden to the prosecution to establish racially neutral reasons for its strikes. *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88; *see also* TEX.CODE CRIM.PROC.ANN. art. 35.261.

The prima facie showing which the defendant must make has been the subject of considerable concern. The Texas Court of Criminal Appeals has discussed the level to which this showing must rise in *Dewberry v. State,* 776 S.W.2d 589 (Tex.Crim.App. 1989). There the court observed:

"A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. The party with the burden of proof must produce at least this much evidence to avoid a finding that the allegation is not true as a matter of law. Once produced, however, the allegation must be found true unless it is contradicted, impeached, or rebutted by other evidence...."

*Id.* at 590 (quoting *Tompkins v. State,* 774 S.W.2d 195, 201 (Tex.Crim.App.1987), *cert. granted,* 486 U.S. 1053, 108 S.Ct. 2818, 100 L.Ed.2d 919 (1988), *judgment aff'd per curiam,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

Additionally, the Texas Court of Criminal Appeals, in *Dewberry,* ruled:

In deciding whether the defendant has made a requisite showing the trial court should consider all relevant circumstances, including:

"[A] 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination." *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723.

The "pattern" may be shown in a number of ways.

*Dewberry,* 776 S.W.2d at 591.

■ In the present case, the defendant had the burden to establish a prima facie case under *Batson. Batson,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88. At trial, Aguilar's sole argument supporting his *Batson* challenge was that the State struck two of four veniremembers with Hispanic surnames. However, Betty Groover Garcia, one of the two alleged Hispanics who were peremptorily removed by the State, was found by the trial court not to be a Hispanic because her maiden name was Groover. We agree with the trial court's implicit determination that the fact that a veniremember has married a person of a particular race does not then automatically categorize that individual as a member of their spouse's race. Hence, absent further proof by Aguilar as to the race of Betty Groover Garcia, we hold that the trial court's finding that Garcia is not Hispanic was proper.

■ Next, we address the issue of whether the striking of Deanda raised a prima facie case of purposeful discrimination. Deanda was deemed to be a Hispanic name by the trial court. After finding *supra* that Garcia does not qualify as a Hispanic for *Batson* purposes, we conclude that only three Hispanics remained on the venire. These Hispanics included: (1) veniremember number eight, Daniel Perez who was seated on the jury; (2) veniremember number twenty-five, Deanda who

was peremptorily challenged by the State; and (3) veniremember number thirty-two, Margaret Searcy Bautista who was not challenged by either party. The only issue remaining is whether the striking of Deanda raised "an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *Id.* On appeal, Aguilar fails to brief this issue; instead, the appellant relies upon the fact that the trial judge, after finding that the defendant failed to make a prima facie case, requested that the State still proceed with its race-neutral explanations as to why Garcia and Deanda were challenged. We hold that the striking of Deanda who was one of three Hispanic veniremembers, does not by itself establish a prima facie case absent any other evidence being proffered. Aguilar failed to show any pattern or any other evidence to the trial court which would raise an inference that the prosecutor used peremptory strikes to remove Deanda on account of her race.

 Finally, we will address a contention raised by Aguilar regarding whether the fact that the prosecution failed to object to the trial court's request for the State to proceed with race-neutral reasons for striking Garcia and Deanda after the court found that Aguilar did not establish a prima facie case, is of any import. The appellant maintains that the prima facie issue is irrelevant because the State presented race-neutral reasons for striking Garcia and Deanda; however, in the present case, the trial court ruled that Aguilar had failed to make a prima facie showing. We agree with the State's position that Aguilar must first establish a prima facie claim of discrimination and that such requirement is waived by the State only when it offers its race-neutral explanations before the trial court rules on the question of whether a prima facie case has been made. In the case before us, the trial court requested that the State proceed and give race-neutral explanations for striking Garcia and Deanda *after* ruling that the defendant had not made a prima facie showing. The fact that the State did not object to this request by the trial court is inconsequential. *See Cooper v. State,* 791 S.W.2d 80, 83 (Tex.Crim.App.1990) (opinion on rehearing); *Bean,* 816 S.W.2d at 117. The party seeking to appeal an adverse ruling has the obligation of interposing a timely objection to the trial court's action. *Cooper,* 791 S.W.2d at 83. The State has not waived its challenge on appeal to Aguilar's theory of a prima facie case of purposeful discrimination. *See Bean,* 816 S.W.2d at 117. The appellant's first and second points of error are overruled.

The judgment of the trial court is affirmed.