**James MUHAMMAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-91-00951-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 31, 1992.

Rehearing Denied Jan. 28, 1993.

Francis Madden, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant brings this appeal from a conviction for the offense of delivery of a controlled substance, namely cocaine. Upon finding the appellant guilty, and the two enhancement paragraphs true, the jury

assessed punishment at 56 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings five points of error.[1] We affirm.

■ In his first point of error, appellant maintains the trial court erred in overruling his objection to statements made by the prosecutor during voir dire concerning the proof necessary for conviction. Appellant was indicted for the delivery of a controlled substance. The indictment alleged all three available methods for proving delivery: (1) actual; (2) constructive; and (3) by offering to sell. During his presentation, the prosecutor explained to the jury that delivery could be proved by any of the above methods. He went on to say the judge would only allow them to consider a method supported by the evidence, but if more than one method were submitted, then the appellant could be found guilty of delivery even if all the jurors did not agree upon the method used. At that point, appellant's counsel objected to the prosecutor's presentation as a misstatement of the law. The trial court overruled his objection.

Appellant contends that because the prosecutor was allowed to explain all three methods, the eventual jurors were possibly confused about what they would be allowed to consider in finding appellant guilty. Although the prosecutor told the panel that the judge would only allow conviction by the means introduced into evidence, appellant argues he was harmed because the jurors might have come away from voir dire believing they could convict on all possible theories. Appellant's argument is without merit.

The prosecutor correctly explained to the jury the law of delivery. The indictment alleged all three methods of delivery. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992); See Daniels v. State, 754 S.W.2d 214, 217 (Tex.Crim.App.1988). The prosecutor merely explained the three methods to the panel. More importantly, he informed them that the judge would

only allow conviction on the evidence produced at trial. The trial court committed no error in overruling appellant's objection.

■ If we found the trial court had erred in allowing an explanation during voir dire of all available methods of delivery, when the prosecutor knew the evidence would only show an actual transfer, it would be harmless error. TEX.R.APP.P. 81(b)(2). The evidence at trial only suggested actual delivery. The instruction and charge to the jury only discussed conviction based upon a finding beyond a reasonable doubt that the appellant actually delivered the substance, thereby limiting any possibility of harm that might have occurred. Appellant's first point of error is overruled.

■ Appellant, in his second point of error, complains of the trial court's failure to conduct a Batson hearing once the jury had been selected and he had made his Batson motion. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In order to challenge possible discriminatory selection of a venire, the defendant must make a prima facie showing that: (1) he is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race; and (3) these facts, and any other relevant circumstances, raise an inference that the prosecutor excluded the venirepersons from the panel because of their race. Id. at 96, 106 S.Ct. at 1722; Henry v. State, 729 S.W.2d 732, 734 (Tex. Crim.App.1987). The burden of establishing a prima facie case is on the criminal defendant. Bean v. State, 816 S.W.2d 115, 117 (Tex.App.—Houston [14th Dist.] 1991, no pet.). This burden is not an onerous one. Linscomb v. State, 829 S.W.2d 164, 167 (Tex.Crim.App.1992). Once a prima facie case is established, the burden shifts to the state to articulate racially neutral reasons for the peremptory strikes at issue. Dewberry v. State, 776 S.W.2d 589, 590 n. 1 (Tex.Crim.App.1989); Batson, 476 U.S. at 97, 106 S.Ct. at 1723.

---

1. Appellant does not challenge the sufficiency of the evidence so we will limit our discussion of the facts to those addressed in each point of error.

Appellant's counsel brought his motion by stating that appellant was an African American male; there were eight African Americans on the panel; that the state used at least three peremptory strikes against them; and only two African Americans remained on the jury. The prosecutor corrected appellant's counsel by stating he had struck four African Americans and that the panel had consisted of six African Americans. The trial judge then asked appellant's counsel if he had anything else to present. Appellant's counsel replied he had nothing further to offer and the trial judge then denied his motion.

Appellant contends his trial counsel presented enough evidence to create a prima facie case. The court of criminal appeals has said a purely statistical analysis can be enough to create a prima facie case. *Linscomb*, 829 S.W.2d at 166. In *Linscomb*, the court was faced with circumstances very similar to those presented by appellant. The venire panel also consisted of six African Americans and the state used its peremptory strikes against four. The court used a statistical analysis to hold the defendant had met his prima facie burden. *Id.*

However, the court in *Linscomb* did not hold that a statistical analysis would always create a prima facie case. Specifically, it stated that such a finding based on a purely statistical analysis was "not impossible." *Id.* The court said:

> "[j]udges at all levels must frankly assess the legitimate inferences to be drawn from statistical evidence made available to them before making up their minds. *Sometimes* such evidence will be telling."

*Id.* (emphasis added) (footnote omitted). *Sometimes* the evidence will be telling; however, this also means that sometimes it will not support a prima facie case. The record before us illustrates an example of when a purely statistical analysis fails to support a defendant's prima facie case.

The trial judge was in the best position to "frankly assess" the voir dire proceedings. The third prong faced by a defendant in establishing a prima facie case is to show these facts, and any other relevant circumstances, raise an inference that the prosecutor excluded the venirepersons from the panel because of their race. *Henry*, 729 S.W.2d at 734. The facts and circumstances do not raise an inference of discrimination on the part of the prosecutor. Prior to the final selection, the prosecutor informed the judge that his staff had found that three remaining jurors had prior criminal records that they had not listed on their juror information sheets. All three were struck, and this group included two of the African Americans removed from the jury. Another of the African Americans struck had approached the judge and asked to be excused from the panel. This juror expressed his reluctance to serve because he had just gone through some family legal matters similar to the circumstances of the trial, which he felt would interfere with his ability to focus on the trial. The final African American stated that she had a friend brought to trial on a drug charge and that she lived near the scene of the offense.

When the appellant made his motion, the trial judge was able to consider all of the above information. He could critically assess the proceeding and make his determination whether the appellant had made his prima facie case. Having all this information at hand, the judge was in the best position to determine if appellant had met his burden. We find, from the record before us, that the trial judge made the correct decision and did not err in overruling appellant's *Batson* motion. Appellant's second point of error is overruled.

Appellant next complains of the following exchange that occurred during his cross-examination of Sergeant Foulds:

Q: Officer, you know from reading the report that there were allegedly two black females present when the transaction occurred; isn't that true?

A: (Foulds) As I recall, there were some other parties present. I don't recall specific sex or number.

Q: They would have been witnesses, wouldn't they?

A: On a particular case, it would depend. On this individual case here, I would say, no.

Q: Well, if the other officer testified that they were present when the transaction allegedly occurred, wouldn't you consider them witnesses?

A: In the court, in—what we attempt to do is to take out the dealers. The users are insignificant to us. If we remove a dealer in a specific area, that prevents the users from getting it for a short time anyway.

At that point, appellant's counsel objected to Sergeant Foulds' answer as non-responsive and asked for a instruction to the jury to disregard the answer. The objection was overruled.

Appellant, in his third point of error contends the above testimony was not only non-responsive but also provided a picture of extraneous offenses that painted him as a criminal in general. We do not find support for either contention.

Appellant sought to elicit information from Sergeant Foulds pertaining to other witnesses at the scene of the arrest. Foulds acknowledged that there were other individuals at the scene and appellant's counsel then went further and asked if they would be witnesses. Foulds responded directly and said that it would depend on the case, and in this particular case he did not believe the individuals would be witnesses. Not satisfied with this answer, appellant's counsel again asked if he would consider them witnesses. Sergeant Foulds had previously answered he would not consider them witnesses, so this time he gave a more detailed answer on why he did not consider them witnesses. We do not find his answer to be non-responsive. Since he had already answered the question once, he could have only assumed appellant's counsel was looking for a more specific answer. Although it was an answer appellant did not want, that fact does not necessarily make it non-responsive.

■■■ Appellant also alleges Sergeant Foulds response implies appellant was guilty of an extraneous offense, dealing drugs. Appellant's objection at trial was that the answer was non-responsive. He did not object to the mention of possible extraneous offenses. A point of error that does not comport with the trial objection presents nothing for review. *Coffey v. State*, 796 S.W.2d 175, 179 (Tex.Crim.App. 1990). Even if appellant's objection to the answer as non-responsive preserved his objection to extraneous acts, he waived error by his failure to object to the same or similar testimony by other officers during trial. One officer testified that appellant was arrested during a "buy bust" where the police were dealing with "drug sellers on the street corner." Another officer testified that his duties included going to "locations known for heavy drug trafficking" and making purchases from "either known dealers or any dealers that attract" his attention. Where objected-to testimony comes in at another time without objection, there is no reversible error. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984); *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Crim.App.1978). Appellant's third point of error is overruled.

Appellant's fourth point of error deals with the admission of appellant's prior convictions during the punishment phase of trial. Appellant had filed a discovery motion seeking to review documentary evidence of prior convictions. Appellant objected to the admission of the prior convictions on the grounds that he was never allowed to review the documentation until the prosecution attempted to introduce the convictions during the punishment hearing. Appellant's objection was overruled.

Appellant's discovery motion sought disclosure by the state of any evidence of prior criminal activity of appellant including, but not limited to, any and all records of previous convictions and enhancements. This motion was granted in May of 1991. During a pre-trial hearing held on September 5, 1991, appellant's counsel informed the judge that he had not been afforded the opportunity to review the pen packets. The prosecutor indicated he had not received the packets. The judge then told appellant's counsel to check with the prosecutor around the middle of the month to

see if the packets had arrived. The judge conducting the hearing did not order the state to provide copies of the packets to appellant, nor did the discovery motion order the state to provide copies of prior convictions. The state was ordered to inform appellant of evidence of prior convictions. During argument regarding appellant's motion at the punishment phase, the prosecutor pointed out that the prior convictions were listed on the outside of the state's file. The prosecutor also stated that he had notified appellant's counsel when the packets were received. Additionally, at the September 5 hearing, the judge ruled on which prior convictions would be allowed for impeachment purposes. Appellant had notice of these convictions and the opportunity to review the state's evidence. We do not find that the discovery order was violated. Therefore, we find no error in the trial court's ruling admitting evidence of appellant's prior convictions and overrule appellant's fourth point of error.

Appellant brings a unique argument in his fifth point of error. He attacks the wording of the second enhancement paragraph alleging that it fails to include the requisite elements of Section 12.42(d) of the Penal Code[2]. The second paragraph stated:

> Before the commission of the primary offense, and after the conviction in Cause No. 486793 was final, the Defendant committed the felony of Delivery of a Controlled Substance and was convicted on April 17, 1989, Cause No. 528063 in the 209th District Court of Harris County, Texas.

Appellant moved to quash the second enhancement paragraph because it stated he had committed a felony offense but not that he had been convicted of a felony. Appellant filed his motion the day of the punishment hearing. Appellant argues that an essential element was omitted from the indictment.

 The failure to allege an element of an offense in the charging instrument is a defect of substance. *Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App.1990). Substance defects must be "raised pre-trial or otherwise the accused has forfeited his right to raise the objection on appeal or by collateral attack." *Id; see* TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp.1992). The "alleged" defect in the second enhancement paragraph is similar to a failure to allege an element of an offense. Even if we were to agree with appellant's imaginative reading of the second enhancement paragraph, we would still be required to find he waived his right to complain. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.

JUNELL, J., not participating.

---

2. Section 12.42(d) provides:
    If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992).