**Robert Michael RENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–01038–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 26, 1997.

Rehearing Overruled Aug. 14, 1997.

Henry L. Burkholder, III, Houston, for appellant.

Bonnie Joan Jackson, Houston, for appellee.

Before ROBERTSON, SEARS and CANNON, JJ.*

## OPINION

SAM ROBERTSON, Justice (Assigned).

Appellant, Robert Michael Rent, was convicted by a jury of the misdemeanor offense of unwarranted mental health commitment. TEX. HEALTH & SAFETY CODE ANN. § 571.020(a) (Vernon 1992).[1] The jury assessed punishment at 730 days in the Harris County Jail. In four points of error, appellant complains that (1) the evidence is legally insufficient to support his conviction; (2) the trial court erred in applying a code provision that conflicted with a statute; (3) the trial court erred in applying the code provision in the punishment phase of trial; and (4) the

---

* Panel sitting by assignment.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

trial court erred in overruling appellant's motion for new trial. We reverse and remand for a new punishment hearing.

## FACTS AND PRIOR POSTURE

On February 8, 1993, appellant executed an application for emergency apprehension in which he stated that the complainant, his former wife, had a history of violence and that she exhibited weird behavior and he was fearful of her. Appellant also executed an affidavit in which he alleged the complainant refused to accept reality. At trial, Judge William McCulloch, judge of Harris County Probate Court No. 4, testified that based on the appellant's request, he signed an emergency detention warrant for the complainant's apprehension and detention in a mental health facility.

Deputy Constable Dale Moorman testified that on February 8, 1993, he executed the mental health warrant. He testified that although he had received information about the complainant's propensity for violence, upon arrival at her home, he found her sitting down to a normal family dinner. Deputy Moorman transported the complainant to the Harris County Psychiatric Center where she was admitted and evaluated by a second year psychiatric resident. The next day the complainant was evaluated by Dr. James Van Norman who testified that he did not believe the complainant needed treatment and that appellant was manipulating her. Dr. Van Norman released the complainant from the facility.

The complainant testified at trial and denied the acts set out by appellant in his application to obtain the mental health warrant. Appellant also testified and stated that he sought the mental health warrant in good faith. Ronald Rent, appellant's brother, testified that he witnessed some of the incidents described by appellant in his application for the mental health warrant.

## POINTS OF ERROR

■ In appellant's first point of error, he alleges the evidence is legally insufficient to support his conviction. Specifically, appellant contends that the State failed to prove the "commitment" element in the offense of unwarranted mental health commitment. When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim. App.1984). In doing so, we are to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Ransom v. State*, 789 S.W.2d 572, 577 (Tex.Crim.App. 1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). The same standard is applied to both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Ransom*, 789 S.W.2d at 577. The appellate court is not to reevaluate the weight and credibility of the evidence, but acts only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

Appellant argues that the evidence was insufficient because there was no proof that the complainant was ever committed to a mental health facility. Essentially appellant, in reliance on *Hill v. State*, 897 S.W.2d 533 (Tex.App.—Fort Worth 1995, no pet.), argues that since the complainant was released from the Harris County Psychiatric Center the morning after her admission, she was never committed and therefore, the State's evidence is insufficient as a matter of law. In *Hill*, the complainant was taken by sheriff's deputies to a hospital where he waited for two hours and after examination by a nurse and an intern, was released. *Id.* at 535. The Fort Worth Court of Appeals considered several definitions of "commitment" in holding that commitment means something more than the two-hour detention and immediate release of a person. *Id.* at 538. The court held, therefore that the facts were insufficient as a matter of law to establish that a commitment occurred. *Id.*

Although we note initially that we are not bound by the holding in *Hill*, we believe that *Hill* is factually distinguishable from this case. Here, the complainant was taken from

her home to the Harris County Psychiatric Center where she was examined by an intern, confined for the night and then examined by a doctor the next morning. She was *not released until after the second examination.* We cannot say under these facts that no commitment occurred as a matter of law.

Further, we believe that the *Hill* court wrongfully focused on the period of detention. The holding in *Hill* undermines the purpose of the wrongful commitment statute which is to punish those who make false accusations which result in a person's being detained and subject to examination and/or treatment in a mental health facility. Presumably it makes no difference in terms of culpability whether the accused's target spends thirty minutes or thirty days in a mental health facility. The accused should not benefit from a speedy evaluation of a *person which results in a quick discharge* from a mental health facility.

We find based on the evidence, a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of unwarranted mental health commitment. Accordingly, we overrule appellant's first point of error.

In appellant's second and third points of error, he alleges that the trial court committed fundamental error by applying a code provision that was in conflict with a statute where the statute controls over the code provision. Specifically, appellant complains that even though section 571.020(a) of the Texas Health and Safety Code codified and repealed Article 5547–19 of the Texas Revised Civil Statute, the legislature amended the statute that same legislative session and therefore, the statute controls.

Article 5547–19 of the Texas Revised Civil Statutes provided that any person who willfully caused or conspired with or assisted another to cause the unwarranted commitment or hospitalization of any individual to a mental hospital was guilty of a misdemeanor and upon conviction, could be punished by a fine not exceeding $5,000 or by imprisonment in the county jail for a period not exceeding two years or by both. Tex.Rev.Civ. Stat. Ann. art. 5547–19 (Vernon 1958). Effective September 1, 1991, the legislature repealed and then codified article 5547–19 in the Texas Health and Safety Code. Section 571.020 of the Texas Health and Safety Code provided, at that time, that a person commits an offense if he *intentionally causes, conspires* with another to cause, or assists another to cause the unwarranted commitment of a person to a mental health facility and further that an offense under the section is a misdemeanor punishable by a fine of not more that $5,000, confinement in the county jail for not more than two years, or both. The only changes in the codified version of article 5547–19 are the substitution of the word "intentionally" for "willfully" and "mental health facility" for "mental hospital." The revisor's note to the Code states that the term "intentionally" is substituted for the source law term "willfully" to conform to the terminology provided by the Penal Code.

However, the same legislature that repealed and then codified article 5547–19 in section 571.020 also amended article 5547–19. As amended, article 5547–19 provided that any person who willfully causes or conspires with or assists another to cause the unwarranted commitment of any individual to a mental health facility is guilty of a misdemeanor and upon conviction shall be punished by a fine not exceeding $5,000 or by imprisonment in the county jail not exceeding one year or by both. The next legislature finally repealed article 5547–19 effective September 1, 1993. However, on February 8, 1993, the date of the offense alleged in this case, both section 5547–19, as amended, and section 571.020 were in effect and the two sections are in conflict primarily in terms of the punishment allowed for a violation.

In such a situation, section 311.031 of the Government Code governs the effect to be given to a code provision and an amended statute. Section 311.031(c) provides that (1) the repeal of a statute by a code does not affect an amendment, revision or reenactment of the statute by the same legislature that enacted the code and (2) the amendment, revision, or reenactment is preserved and given effect as part of the code provision that *revised the statute so amended, revised,* or reenacted. Tex. Gov't Code Ann. § 311.031(c) (Vernon 1994). In addition, sec-

tion 311.031(d) provides that if any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls. TEX. GOV'T CODE ANN. § 311.031(d) (Vernon 1994). Therefore, article 5547–19, as amended, is to be given effect as part of section 571.020 unless there is a conflict in which event article 5547–19 controls.

■ Appellant argues, in his second point of error, that article 5547–19 and section 571.020, effective at the time of the offense alleged, are in conflict with regard to the culpable mental state required for the commission of the offense and the type of institution to which the law applies. Appellant argues that the State charged him by information, with intentionally causing the unwarranted commitment of the complainant to a mental health facility and that such information tracks the language of section 571.020. Appellant takes the position that a proper information would have tracked the language of the amended version of article 5547–19 which provides for the "willful" commitment to a "mental hospital." Appellant argues that proceeding under the information in accordance with the Code was fundamental error and requires dismissal of the State's case.

First, appellant is clearly wrong in his assertion that the code and statute are in conflict with regard to mental health facility versus mental hospital. The amended version of article 5547–19 clearly substitutes "mental health facility" for "mental hospital." Therefore, there is no conflict between the code and the amended statute in this regard.

With regard to the culpable mental state, first, we do not believe that a conflict exists between the code and the amended statute because intentional and willful describe the same state of mind. However, appellant has not preserved error because he failed to object to the State's information prior to trial. Article 1.14(b) of the Texas Code of Criminal Procedure provides that if a defendant does not object to a defect, error or irregularity of form or substance in an indictment before the date on which trial on the merits commences, he waives and forfeits the right to object to the defect, error or irregularity and may not raise the objection on appeal. *See*

*Fisher v. State,* 887 S.W.2d 49, 54 (Tex. Crim.App.1994); *Studer v. State,* 799 S.W.2d 263, 268 (Tex.Crim.App.1990); *Muhammad v. State,* 846 S.W.2d 432, 437 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd). We overrule appellant's second point of error.

■ In his third point of error, appellant also argues that a conflict exists between the amended statute and the code as to the applicable range of punishment. We agree that the maximum punishment allowed under the code conflicts with that allowed by the amended statute. The amendment to article 5547–19 specifically changes the maximum term of confinement to one year in the county jail while the code allows confinement for a period of up to two years. As the code and amendment to the statute conflict, the amended statute controls. TEX. GOV'T CODE ANN. § 311.031(d). As the punishment assessed by the jury exceeded the maximum allowed by the amended statute, we will remand the case to the trial court for a new trial as to punishment only. Therefore, we sustain appellant's third point of error.

In appellant's fourth point of error, he complains that the trial court erred in overruling his motion for new trial. Appellant argues that the trial court should have granted a new trial for exactly those reasons he raises in points of error one through three. As we have overruled appellant's first and second points of error, we find that the trial court did not err in overruling appellant's motion for new trial on these bases. With regard to appellant's third point of error, the trial court cannot order a new trial as to punishment only. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b); *State v. Hight,* 907 S.W.2d 845, 847 (Tex.Crim.App.1995). Therefore, the trial court did not err in not granting a new trial on this ground. We overrule appellant's fourth point of error.

We reverse and remand the judgment of the trial court pertaining to punishment and affirm all other grounds.