89/3064



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS WAYNE WILLIAMS, Appellant

No. 05-98-01113-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court of Dallas County, Texas. (Tr.Ct.No. F98-45083-PH).
Opinion delivered by Justice Ovard, Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered  May 2 5, 2000.

JOHN OVARD
JUSTICE

AFFIRM; Opinion Filed May 25, 2000



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-98-01113-CR
No. 05-98-01114-CR

**THOMAS WAYNE WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Dallas County, Texas**
**Trial Court Cause No. F98-45083-PH and F98-45084-NH**

## OPINION

Before Justices Ovard, Moseley, and O'Neill
Opinion By Justice Ovard

In a single trial appellant was convicted by a jury of unlawful possession of a firearm by a felon and possession of cocaine. Punishment was set at twenty years imprisonment and a $1000 fine for the firearm offense and forty years imprisonment for the drug offense. In six points of error, appellant generally complains the trial court erred in failing to hold a hearing on appellant's *Batson* objection and in failing to inform appellant he had a right to proceed *pro se* at trial. We affirm.

In his first two points of error appellant contends the trial court committed reversible error by failing to hold a hearing under *Batson v. Kentucky*, 476 U.S. 79 (1986) and article 35.261 of the

Texas Code of Criminal Procedure.[1] At the close of voir dire, appellant's trial counsel moved to dismiss the array on the ground that the prosecutor had exercised peremptory strikes in a racially discriminatory manner. Counsel noted that appellant is a black male and stated the prosecutor had struck juror number 38, Robert Rodriquez, an Hispanic.[2] Counsel argued that "[h]e was struck I feel primarily because of his minority persuasion." Counsel did not indicate whether any other minority members were included in the array. The trial court held that appellant failed to make a prima facie showing that the State had exercised its strikes in a discriminatory manner and therefore the burden did not shift to the State to offer a racially neutral explanation for striking juror number 38. The trial court therefore overruled appellant's *Batson* objection. Appellant complains the trial court erred in failing to conduct a hearing to ascertain the prosecutor's reasons striking juror 38. We disagree.

The procedure for determining a *Batson* challenge is well established. To challenge the State's use of peremptory strikes under *Batson*, a defendant must first make a prima facie showing that the State exercised peremptory strikes on the basis of race. *See Batson*, 476 U.S. at 96; *Bausley v. State*, 997 S.W.2d 313, 316 (Tex. App.–Dallas 1999, pet. ref'd). Once a defendant makes a prima facie showing of purposeful discrimination, the State must provide a race neutral explanation for striking the prospective jurors in question. *See Batson*, 476 U.S. at 97; *Bausley*, 997 S.W.2d at 316. If the State provides a race neutral explanation for its strikes, the defendant must rebut the State's

---

[1] Appellant asserts separate points of error under *Batson* and article 35.261. Article 35.261, prohibiting peremptory challenges based on race, codifies and implements the holding in *Batson*. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261 (Vernon 1989); *Hill v. State*, 827 S.W.2d 860, 863 (Tex. Crim. App. 1992). Appellant, however, argues both points together and does not claim that article 35.261 provides appellant with any relief other than that available under *Batson*. Accordingly, we address both points together as well.

[2] Appellant's counsel also complained that the State struck juror 45, an Asian veniremember, but withdrew his comments concerning this juror after realizing he would not have been reached.

explanation or show that the explanation was merely a sham or pretext. *See Williams v. State*, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991); *Bausley*, 997 S.W.2d at 316. These later steps are never reached, however, if the trial court first rules that the challenging party has failed to meet his initial burden of making out a prima facie case of discrimination. *Held v. State*, 948 S.W.2d 45, 48 (Tex. App.–Houston [14th Dist.] 1997, pet. ref'd); *Bean v. State*, 816 S.W.2d 115, 117 (Tex. App.–Houston [14th Dist.] 1991, no pet.).

A prima facie case is "that minimum quantity of evidence necessary to support a rational inference that the allegation of purposeful discrimination is true." *Harris v. Sate*, 827 S.W.2d 949, 955 n.4 (Tex. Crim. App. 1992). The party challenging the strike is entitled to rely on the fact that peremptory challenges permit discrimination by one who has a mind to discriminate and must show that this fact, coupled with other relevant circumstances, raises an inference of the discriminatory exercise of peremptory strikes. *Harris*, 827 S.W.2d at 955 (citing *Batson*, 476 U.S. at 96); *Held*, 948 S.W.2d at 48. As the party with the burden of proof, the challenging party is required to produce evidence to avoid a finding that the allegation of purposeful discrimination is not true as a matter of law. *Dewberry v. State*, 776 S.W.2d 589, 590 (Tex. Crim. App. 1989); *Held*, 948 S.W.2d at 48.

In deciding whether the requisite prima facie showing has been made, all relevant circumstances should be considered. *Harris*, 827 S.W.2d at 955 (citing *Batson*, 476 U.S. at 96-97); *Held*, 948 S.W.2d at 48 Judges at all levels must "frankly assess" the legitimate inferences to be drawn from the evidence made available to them. *Linscomb v. State*, 829 S.W.2d 164, 166 (Tex. Crim. App.1992); *Held*, 948 S.W.2d at 48. The trial judge, however, is in the best position to determine whether the circumstances are sufficient to raise a prima facie case that a strike against

a given veniremember was racially motivated. *Held*, 948 S.W.2d at 48; *Muhammad v. State*, 846 S.W.2d 432, 435 (Tex. App.–Houston [14th Dist.] 1992, pet. ref'd). That trial judge "has an opportunity to observe the makeup of the panel, the questions asked each veniremember, the unspoken reactions of the attorneys and the potential jurors, the manner in which the other strikes were exercised, and countless other factors." *Held*, 948 S.W.2d at 48. The United States Supreme Court has expressed its "confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances . . . [create] a prima facie case of discrimination." *Batson*, 476 U.S. at 97. Thus, we will afford deference to the trial court's judgment and review the record in the light most favorable to the trial court's ruling, and we will not disturb that ruling unless we find it to be clearly erroneous. *See Adanandus v. State*, 866 S.W.2d 210, 224 (Tex. Crim. App. 1993); *Williams*, 804 S.W.2d at 101; *Held*, 948 S.W.2d at 49.

In the present case, we conclude the trial court's finding that appellant failed to make a prima facie showing of purposeful discrimination is not clearly erroneous. At best, appellant established the State had struck a single Hispanic juror.[3] The record does not disclose whether juror 38 was the only Hispanic on the panel or whether an Hispanic, or any other minority member, served on the jury. Striking a single member of an identifiable ethnic group does not in itself establish purposeful discrimination. *See Held*, 948 S.W.2d at 49 (striking only remaining black juror insufficient to establish prima facie showing of purposeful discrimination). While striking only one member of the venire in a discriminatory manner violates the equal protection clause, *Linscomb*, 829 S.W.2d

---

[3] The State does not concede juror 38 was Hispanic simply because he had an Hispanic surname. *Cf. Aguilar v. State*, 826 S.W.2d 760, 763 (Tex. App.–Fort Worth 1992, pet. ref'd) (upholding trial court's determination that female venireperson who was married to man with Hispanic surname was not Hispanic for purposes of *Batson*). For purpose of this opinion, we assume juror 38 was Hispanic. We therefore do not reach the issue of whether an Hispanic surname alone is sufficient to make a prima facie showing that the juror is a member of an identifiable ethnic group.

at 166, the party challenging the strike must nevertheless establish that the veniremember was struck *on account of race. See Held*, 948 S.W.2d at 49-50; *Aguilar*, 826 S.W.2d at 763. "[T]he bare fact of strikes exercised against persons of a certain race does not necessarily reveal the work of a racially prejudiced mind." *Linscomb*, 829 S.W.2d at 166; *see also Aguilar*, 826 S.W.2d at 763 (holding that the strike of one of three Hispanic veniremembers was insufficient to make out a prima facie case of discrimination where the challenging party "failed to show any pattern or any other evidence to the trial court which would raise an inference that the prosecutor used peremptory strikes to remove [that veniremember] on account of her race").

Cases in which courts have found that a prima facie case was established on the basis of a single strike invariably also have involved the complete exclusion of a particular race or a racial identity between the defendant and the excluded veniremember. *See, e.g., Salazar v. State*, 795 S.W.2d 187, 193 (Tex. Crim. App. 1990); *Godine v. State*, 874 S.W.2d 197, 203 (Tex. App.–Houston [14th Dist.] 1994, no pet.). In the present case, neither circumstance is applicable. First, there is no evidence of racial identity; appellant is black and the excluded member of the venire is Hispanic. "[A]lthough racial identity between the challenger and the excused veniremember is not required to raise a *Batson* challenge, the absence of such an identity can certainly impact the strength of the challenger's prima facie case of racial discrimination." *Held*, 948 S.W.2d at 50; *see also Powers v. Ohio*, 499 U.S. 400, 416 (1991) (noting that cases involving racial identity "may provide one of the easier cases to establish both a prima facie case and a conclusive showing that wrongful discrimination has occurred"). Second, the record does not establish whether all Hispanics were excluded from the jury because of the State's strike. Although appellant argues that we must presume that jurors 38 and 45 were the only minority members on the

panel, we cannot presume this was so merely because the record is silent as to whether there were other minority members on the panel. Appellant bears the burden of establishing a prima facie showing of discrimination. He cannot meet his burden through unsupported assumptions about the record.

It was incumbent on appellant as the party with the burden of proof to offer the trial court with some evidence from which the court could conclude the State exercised the strike in a discriminatory manner. *See Held*, 948 S.W.2d at 50. While the burden of establishing a prima facie case is low, it "should not be so low as to constitute no hurdle at all." *Id.* "*Batson* is not a talisman, the invocation of which automatically raises an inference of racial discrimination." *Bean*, 816 S.W.2d at 119. In this case, trial counsel's "feeling" that the State had used its strike in a discriminatory manner is no evidence of purposeful discrimination and was insufficient to meet appellant's burden. Because appellant failed to offer any evidence that the State struck juror 38 in a racially discriminatory manner, appellant failed to establish a prima facie case as a matter of law. Accordingly, we cannot conclude the trial court's ruling was clearly erroneous. We overrule appellant's first and second points of error.

In points of error three through six, appellant contends that the trial court erred in forcing appellant to trial with counsel for which appellant had expressed a lack of confidence and in failing to inform appellant of his right to self-representation under both the federal and state constitutions and pursuant to state statutes.[4] On the morning of trial, appellant informed the trial judge that he

---

[4] Appellant asserts a right to self-representation pursuant to the Sixth Amendment of the United States Constitution, article I, section 10 of the Texas Constitution, and articles 1.051 and 26.04(a) of the Texas Code of Criminal Procedure. Although appellant nominally asserts four separate points of error, appellant argues each of the points together and does not contend that different standards apply to these various constitutional and statutory provisions. Accordingly, we address appellant's points together as well.

felt he was not being properly represented and expressed general dissatisfaction with his counsel from the beginning of counsel's appointment. After inquiring about appellant's specific complaints, the trial judge decided to begin the trial and told appellant to be seated. Appellant then asked the court how he could get another attorney. The trial judge informed appellant that she would not allow appellant to have appointed counsel of his choice and told appellant he could have other counsel when he "c[a]me up with the money to hire one." Appellant became agitated at the court's response and elected to leave the courtroom and listen to the trial in a holdover cell. On appeal, appellant complains the trial court should have informed appellant of his right to self-representation.[5]

Appellant had no right to appointed counsel of his choosing. *Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991). Nor did he have the option of waiting until the day of trial to demand different counsel or to request that counsel be dismissed so that he could retain other counsel. *See Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979). Thus, appellant's only option at trial was to proceed with his appointed counsel or proceed *pro se*. Appellant, however, did not request to proceed *pro se*. He in fact specifically requested different counsel rather than requesting to proceed *pro se*. A request for different counsel is not the same as invoking the right to self-representation. *See id.* ("A request for other counsel is not a waiver of the right to counsel."). While appellant insists the trial court had an obligation to inform appellant of his right to proceed *pro se*, appellant cites no authority for his position, nor are we aware of any. We decline appellant's invitation to impose such a requirement upon the trial court. It is incumbent on the defendant to

---

[5] Appellant argument that the trial court erred in forcing him to trial with counsel in whom he lacked confidence is based solely on appellant's argument that he was denied his right to self-representation. Appellant does not contend the trial court improperly denied appellant's request for different counsel.

affirmatively invoke his right to self-representation. *Cf. Burgess v. State*, 816 S.W.2d 424, 429 (Tex. Crim. App. 1991) (after expressing dissatisfaction with appointed counsel, defendant affirmatively invoked his right to self-representation and, after admonishment of risks of self-representation, was properly allowed to represent himself). We overrule appellants third, fourth, fifth, and sixth points of error.

We affirm the judgment of the trial court.


_____
JOHN OVARD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

Justice Moseley concurs w/o opinion

Case Number: 05-98-01113-CR   Date Filed: 07/06/1998

Style: Williams, Thomas Wayne
v.
The State of Texas

Trial Judge:            Warder, Janice
Trial Court Reporter:       Belton, Mary
Trial Court:        CRIMINAL DISTRICT COURT # 1  Trial County:          DALLAS

---

APP   Sue Korioth
ATT 011681975
P.O. Box 600103
Dallas, TX 75360-0103
Phone 214/384-3864
Fax   /  -

STA   Anne Wetherholt
ATT 021235300
Assistant Distrtict Attorney
Frank Crowley Courts Building
133 North Industrial Blvd. LB 19
Dallas, TX 75207-4399
Phone 214/653-3642
Fax