Affirmed and Opinion filed July 18, 2002









Affirmed
and Opinion filed July 18, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00735-CR

____________

 

JAMES E. LEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court 

Harris County, Texas

Trial Court Cause No. 867,453

 



 

O P I N I O N








Appellant James E. Lewis was charged by indictment with
unauthorized use of a motor vehicle and found guilty by a jury.  The trial court found two enhancement
paragraphs true and assessed punishment at fifteen years confinement in the
Texas Department of Criminal Justice, Institutional Division.  Acting pro se, appellant urges eight issues
on appeal. He contends that the trial court erred in denying the
following:  (1) a motion to suppress; (2)
a motion to quash the indictment; (3) a motion to set aside the indictment; (4)
a request for a Batson hearing; and (5) a pretrial discovery
request.  Appellant also contends a
police officer who testified at his trial committed perjury, he was denied
effective assistance of counsel, and his sentence exceeded the applicable
sentencing guidelines.  For the reasons
stated below, we affirm.




FACTS

On January 27, 2001, Lucio Gonzales let his brother, Jose,
borrow his 1984 Ford Bronco.  On his way
to work, Jose stopped at a convenience store. 
Someone stole the Bronco while Jose was inside the store.  Jose contacted the police and reported the
vehicle missing.     Three days later, Officer Eddie Pavloski stopped the Bronco
because it was missing its front and back license plates.  Inside were appellant and two other
persons.  Appellant, the driver, told the
officer that he had recently purchased the vehicle and was waiting for the
plates to come in.  Appellant did not
have a bill of sale or temporary tags for the Bronco, and could not identify
who sold him the vehicle.  Officer
Pavloski ran the Bronco’s vehicle identification number through the police
department’s computer system and learned that the vehicle had been reported
stolen several days earlier.  After
calling Lucio Gonzales and confirming that the vehicle had been stolen, Officer
Pavloski arrested appellant.  At trial,
Lucio and Jose Gonzales both testified that they did not give appellant
permission to drive the Bronco.  

Although counsel had originally been appointed to represent
appellant, the trial court permitted counsel to withdraw because appellant had
filed a lawsuit against his counsel and others. 
Appellant appeared pro se at trial. 

ISSUES ON APPEAL








Appellant raises the following issues on appeal:  (1) the trial court erred in denying his
motion to suppress; (2) the trial court erred in denying his motion to quash
the indictment; (3) the trial court erred in denying his motion to set aside
the indictment for violations of Texas Code of Criminal Procedure article
27.03; (4) the trial court erred in failing to grant a written pretrial request
for a Batson hearing; (5) Officer Pavloski committed perjury during his
testimony in appellant’s trial; (6) the trial court erred in denying a pretrial
discovery request; (7) appellant was denied effective assistance of counsel;
and (8) appellant’s sentence exceeded the applicable sentencing
guidelines.  We address each issue in
turn.

1.         The Motion to
Suppress

In his first issue, appellant contends the trial court erred
in denying his motion to suppress evidence because he was arrested without
probable cause or an arrest warrant. 
However, appellant fails to identify any evidence that was seized as a
result of his arrest; therefore, we have nothing to review.  See Stiggers v. State, 506 S.W.2d 609,
611 (Tex. Crim. App. 1974) (holding that when no evidence obtained as a result
of allegedly illegal search was introduced in evidence, no error is shown or
presented for review). 

To the extent appellant may be complaining that he was
arrested without probable cause or a search warrant, we overrule appellant’s
issue.  Officer Pavloski testified that
he initially stopped appellant because the vehicle he was driving did not have
a front or rear  license plate.  A peace officer may arrest an offender
without a warrant for any offense committed in his presence or within his view,
including a traffic offense.  Ford v.
State, 26 S.W.3d 669, 673 (Tex. App.CCorpus Christi 2000, no pet.); Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 1977).  A person commits
an offense if the person operates a passenger car or commercial motor vehicle
that does not display license plates at the front and rear of the vehicle.  Tex.
Trans. Code Ann. ' 502.404(a) (Vernon 1999). 


Thus, Officer Pavloski had probable cause to stop the Bronco
and arrest appellant for failing to properly display license plates.  See Ford, 26 S.W.3d at 674 (holding
that stop of motor vehicle in which defendant was passenger was not unlawful
when officers observed motorist driving vehicle without front license plate and
while his license was suspended); Vela v. State, 871 S.W.2d 815, 819-20
(Tex. App.CHouston [14th Dist.] 1994, no pet.)
(holding that officer had probable cause to arrest defendant for failing to
properly display two license plates on vehicle).  








Additionally, once Officer Pavloski confirmed that appellant
was driving a vehicle that had been reported stolen three days earlier, he had
probable cause to arrest him without a warrant for the offense of unauthorized
use of a motor vehicle.  See Kelly v.
State, 721 S.W.2d 586, 587 (Tex. App.—Houston [1st Dist.] 1986, no pet.)
(holding that sufficient probable cause exists to make a stop of vehicle when
police officer receives information from dispatch system that vehicle is
stolen); see also Tex. Pen. Code
Ann. ' 31.07 (“A person commits an offense
if he intentionally or knowingly operates another’s boat, airplane, or motor-propelled
vehicle without the effective consent of the owner.”).

We therefore overrule appellant’s first issue.

2.         The Motion to
Quash the Indictment

In his second issue, appellant contends the trial court erred
in denying his motion to quash the indictment. 
In this section of his brief, appellant presents no discernable
argument, but merely refers to Tex. Code
Crim. Proc. Ann. art. 12.01 (Vernon Supp. 2001) and the Fourteenth
Amendment in connection with the indictment and the two prior convictions
referenced in the enhancement paragraphs of the indictment. 

Appellant was charged with unauthorized use of a motor
vehicle.  An indictment for this offense
may be presented within three years from the date of the commission of the
offense.  Tex. Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp.
2001).  Appellant was arrested and
charged on January 30, 2001.  The grand
jury returned the indictment less than one month later.  Therefore, there was no violation of the
statute of limitations.








To the extent appellant contends, as he did during the
punishment phase of his trial, that the introduction of his prior convictions
was in violation of a statute of limitations provision, appellant cites no
authority for this position, and we are aware of none.  Section 12.42 of the Texas Penal Code, which
governs the enhancement of punishment for repeat and habitual felony offenders,
contains no limitations period for the use of prior convictions.  See Tex.
Pen. Code Ann. ' 12.42 (Vernon Supp. 2002). 
Additionally, Texas courts have repeatedly held that the Texas habitual
offender statute is constitutional.  See
McCardell v. State, 557 S.W.2d 289, 291 (Tex. Crim. App. 1977); Schultz
v. State, 510 S.W.2d 940, 944 (Tex. Crim. App. 1974); Smallwood v. State,
827 S.W.2d 34, 36 (Tex. App.CHouston [1st Dist.] 1992, pet. ref’d).  

Appellant=s second issue is therefore overruled.

3.         The Motion to
Set Aside the Indictment

In his third issue, appellant appears to contend that the
trial court erred in denying his motion to set aside the indictment for
violations of Texas Code of Criminal Procedure article 27.03, which provides
that an indictment may be set aside if certain identified irregularities occur
in the grand jury proceeding in which the indictment is returned.  See Tex.
Code Crim. Proc. Ann. art. 27.03 (Vernon 1989).  However, appellant failed to identify a
specific violation of article 27.03 in either his pretrial motion or his
appellate brief.  Accordingly, appellant
has failed to establish any error.  See
Ray v. State, 561 S.W.2d 480, 481-82 (Tex. Crim. App. 1977) (holding
that defendant has burden of proving a violation of article 27.03 occurred).

Appellant’s third issue is overruled.

4.         The Motion
for Batson Hearing








In his fourth issue, appellant contends the trial court erred
in failing to grant his written pretrial request for a Batson[1]
hearing.  To be entitled to a Batson
hearing, a defendant must present a prima facie case of purposeful
discrimination by the State in its exercise of its peremptory strikes.  Cantu v. State, 842 S.W.2d 667, 688
n.15 (Tex. Crim. App. 1992).  A prima
facie case is that minimum quantity of evidence necessary to support a rational
inference that the allegation of purposeful discrimination is true.  Held v. State, 948 S.W.2d 45, 48 (Tex.
App.CHouston [14th Dist.] 1997, pet ref’d).  The defendant carries the burden of proof to
establish a prima facie case.  Muhammad
v. State, 846 S.W.2d 432, 434 (Tex. App.CHouston [14th Dist.] 1992, pet. ref=d).

Appellant has failed to establish a prima facie case of
purposeful discrimination by the prosecutor in the exercise of her peremptory
challenges because the record is silent regarding the race of the venire
members who were struck by the prosecutor. 
In the absence of any showing that the prosecutor actually struck any
members of a minority group, much less that she did so with discriminatory intent,
appellant has failed to show that he was entitled to a Batson
hearing.  See Dutton v. State, 836
S.W.2d 221, 224 (Tex. App.CHouston [14th Dist.] 1992, no pet.).[2]

5.         Perjury

In his fifth issue, appellant contends Officer Pavloski
committed perjury when he testified during appellant’s trial.  Appellant waived this contention because he
failed to timely raise this issue in the trial court.  See Tex.
R. App. P. 33.1(a)(1)(A).

However, even if appellant had preserved this alleged error
for review, his contention would be meritless. 
Officer Pavloski testified that the Bronco driven by appellant was
missing both the front and back license plates when he stopped it.  Appellant claims this portion of the officer’s
testimony constitutes perjury because Lucio Gonzales testified on
cross-examination that the Bronco had a license plate when he recovered it
after it was stolen.  On redirect
examination, however, Lucio clarified that the plates were missing when he
recovered his Bronco and he had to purchase new ones.  While appellant presents only  selective portions of the testimony, an
examination of the record in its entirety demonstrates that there is no
conflict between the testimony of Officer Pavloski and that of Lucio Gonzales.

Accordingly, we overrule appellant’s fifth issue.








6.         The Pretrial
Discovery Request

In his sixth issue, appellant contends that the trial judge
erred in denying his pretrial discovery request.  Appellant alleges that some of the
information he requested, specifically relating to dispatch communications with
Officer Pavloski, would show that the car had license plates or paper tags at
the time of the arrest.  In connection
with this argument, appellant accuses the State of concealing and tampering
with evidence favorable to his innocence and his assertion of no probable
cause.  

A defendant in a criminal case does not have a general right
to discovery of evidence in the State=s possession.  Gowan v. State, 927 S.W.2d 246, 249
(Tex. App.CFort Worth 1996, pet. ref’d).  Decisions involving pretrial discovery of
evidence that are not exculpatory, mitigating, or privileged are within the
discretion of the trial court.  Id.  Further, police reports, arrest reports,
offense reports, and similar law enforcement documents are not subject to
production.  Id.

The United States Supreme Court has held that the State
violates a defendant’s due process rights when it suppresses evidence in its
possession favorable to the defendant and the evidence “is material either to
guilt or to punishment, irrespective of the good faith or bad faith of the
prosecution.”  Brady v. Maryland,
373 U.S. 83, 87 (1963).  Evidence
withheld by a prosecutor is material if there is a reasonable probability that,
had the evidence been disclosed to the defense, the outcome of the proceeding
would have been different.  United
States v. Bagley, 473 U.S. 667, 682 (1985). 
Impeachment evidence, as well as exculpatory evidence, is included
within the scope of the Brady rule.  Id.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id.  Thus, a due process violation has occurred if
a prosecutor (1) fails to disclose evidence, (2) favorable to the accused, (3)
which creates a probability of a different outcome.  Wyatt v. State, 23 S.W.3d 18, 27 (Tex.
Crim. App. 2000).








Here, appellant fails to identify any evidence indicating
that the State possessed any exculpatory or mitigating evidence, and we have
found none in our review of the record. 
Further, the evidence appellant contends exists is not material to his
guilt or punishment for the offense of unauthorized use of a motor vehicle, and
thus would not create a probability of a different outcome.

Appellant’s sixth issue is overruled.

7.         Ineffective
Assistance of Counsel

In his seventh issue, appellant contends he was denied the
effective assistance of counsel. 
Specifically, appellant claims that the defense attorneys who practice
in the 232nd District Court conspire with the trial judge in a scheme in which
they force defendants to plead guilty before they are allowed into the public
area of the courtroom.  Appellant claims
these defense attorneys also refuse to file any pretrial motions on behalf of
their clients because the defense attorneys are seeking a high conviction rate.

In order to prevail on a claim of ineffective assistance of
counsel, a defendant must show the following: 
(1) counsel’s performance was deficient; and (2) this deficiency was so
prejudicial that it rendered the trial unfair. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Rodriguez
v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995) (en banc).  The first prong of the Strickland
standard requires the defendant to show that counsel=s performance fell below an objective
standard of reasonableness.  Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Regarding the second prong, the defendant
must show a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  Id.








A defendant carries the burden of proving his claim of
ineffective assistance of counsel by a preponderance of the evidence.  Cannon v. State, 668 S.W.2d 401, 403
(Tex. Crim. App. 1984) (en banc).  A
defendant must overcome the strong presumption that an attorney’s actions were
sound trial strategy.  Strickland,
446 U.S. at 689.  Furthermore, a claim of
ineffective assistance of counsel must be firmly supported by the record.  Thompson, 9 S.W.3d at 813; Dewberry
v. State, 4 S.W.3d 735, 757 (Tex. Crim. App. 1999).

Here, none of appellant=s claims of ineffectiveness are
supported by the record.  There is no
evidence that defense attorneys conspire with the trial judge to deny
defendants their various rights or that defense attorneys refuse to file
pretrial motions for their clients.  More
importantly, there is no evidence that appellant himself suffered from any of
these alleged deficiencies at the hands of a defense counsel.  Appellant did not plead guilty, he filed
numerous motions on his own behalf, and he represented himself at trial.  As such, none of the alleged conspiracy
tactics employed by defense lawyers impacted appellant=s trial.  Therefore, appellant has failed to show he
was denied effective assistance.

Furthermore, appellant may not complain about the
effectiveness of his representation because a pro se defendant may not allege
his own ineffectiveness.  Rodriguez v.
State, 763 S.W.2d 893, 896 (Tex. App.CSan Antonio 1988, pet. ref’d).

Appellant’s seventh issue is overruled.

8.         Appellant=s Sentence 








In his eighth issue, appellant contends that his sentence
exceeded the applicable sentencing guidelines. 
At trial, appellant was convicted of the offense of unauthorized use of
a motor vehicle, which is a state jail felony. 
See Tex. Pen. Code Ann.
' 31.07(a).  Appellant cites State v. Mancuso, 919
S.W.2d 86 (Tex. Crim. App. 1996) (en banc), for the holding that the defendants’
state jail felonies could not be enhanced under the habitual offender
statute.  However, Mancuso does
not stand for a general proposition that the habitual offender statute does not
apply to any defendants convicted of state jail felonies.  In that case, the Texas Court of Criminal
Appeals held that, under the law in effect at the time of the commission of the
state jail felonies at issue, the only way a defendant=s punishment could be enhanced was if
the state jail felony was committed under the circumstances described in a
specific subsection of the statute.  Id.
at 90.  Because that subsection did
not apply to the cases on review, the Court held that the defendants= state jail felonies could not be
enhanced.  Id.  Notably, Mancuso involved the
interpretation of a prior version of the habitual offender statute that has
since been amended to eliminate any confusion in its application.  See id. at 90 n.7.  Therefore, Mancuso is of no help to
appellant.

Generally, the punishment range for a state jail felony is
180 days to two years.  Tex. Pen. Code Ann. ' 12.35(a).  However, if it is shown on the trial of a
state jail felony that the defendant has previously been finally convicted of
two felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on
conviction the defendant shall be punished for a second-degree felony.  Tex.
Pen. Code Ann. ' 12.42(a)(2).  The
punishment range for a second degree felony is two to twenty years.  Tex.
Pen. Code Ann. ' 12.33(a).

The enhancement paragraphs of appellant’s indictment alleged
that appellant was previously convicted of felony theft on November 15, 1985,
and felony unauthorized use of a motor vehicle on August 16, 1991.  Following the State’s presentation of
evidence in support of the prior convictions, the trial court found the
enhancement paragraphs true, and assessed punishment at fifteen years
confinement.  This punishment is within
the range provided for a second degree felony. 
Therefore, appellant’s eighth issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Opinion filed July 18, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Batson v.
Kentucky, 476 U.S. 79 (1986).





[2]  We also note
that, at the time the jury was seated, the trial judge asked appellant if he
had any objections to the jury, and appellant replied that he had none.